UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ************************************ * <br> **CASSANDRA LEBRUN**                      * <br>                                            * <br> **VERSUS**                                 * <br>                                            * <br> **APPLE ARKANSAS, INC. D/B/A**             * <br> **APPLEBEE'S GRILL AND BAR**               * <br>                                            * <br>                                            * <br> ****************************************    | **CASE NO.:** <br><br> **JUDGE:** <br><br> **MAGISTRATE JUDGE:** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes CASSANDRA LEBRUN, a resident of the State of Louisiana, Plaintiff herein, who represents as follows:

### JURISDICTION AND VENUE

1. This is an action for monetary relief for discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq*. Jurisdiction is based on 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Section 1331. Supplemental jurisdiction is based upon La. R.S. 23:301 *et seq*., La. R.S. 23:967, and La. R.S. 51:2256.

2. Venue is proper in the United States District Court for the Western District of Louisiana, Monroe Division, because a "substantial part of the events or omissions giving rise" to the claims asserted herein occurred in the Western District of Louisiana, in the Parish of Ouachita, within the meaning of 28 U.S.C. § 1391(b)(2), and because Defendant resides in the Western District of Louisiana, Parish of Ouachita, within the meaning of 28 U.S.C. § 1391(c)(2).

## PARTIES

3. Plaintiff, CASSANDRA LEBRUN, ("Plaintiff" or "Ms. LeBrun") is an adult female citizen of the United States and the State of Louisiana. She is domiciled in Morehouse Parish, Louisiana.

4. Made defendant herein is APPLE ARKANSAS, INC. D/B/A APPLEBEE'S GRILL AND BAR ("Defendant Applebee's") a business corporation, who may be served through its registered agent, Dez R. Hill, at 9365 Gay Lane, Oil City, Louisiana 71061.

5. At all times referred to in this Complaint, Defendant Applebee's was engaged in industry affecting commerce.

6. Defendant Applebee's is an "employer" within the meaning of 42 U.S.C. § 2000e(b) of Title VII of the Civil Rights Act of 1964 and applicable state law.

## FACTUAL ALLEGATIONS

7. Plaintiff began her employment with Defendant Applebee's in July 2017 as a server and a bartender.

8. Beginning in August 2017 and continuing through January 2019, Plaintiff was subjected to inappropriate sexually suggestive behavior by Mr. Sebastian Crabtree, who served as a manager for Defendant Applebee's during this period. The inappropriate sexually suggestive behavior consisted of offensive jokes, slurs, ridicule, mockery and public humiliation.

9. Throughout this period in which Plaintiff was subjected to the inappropriate sexually suggestive behavior by Mr. Crabtree, Plaintiff repeatedly informed Mr. Kevin McKenzie—Defendant Applebee's general manager and Plaintiff's supervisor at the time —of the inappropriate sexually suggestive behavior by Mr. Crabtree. Mr. McKenzie took no actions to stop or address the inappropriate behavior by Mr. Crabtree.

10. On December 31, 2018, Mr. Crabtree approached Plaintiff and, without Plaintiff's consent, Mr. Crabtree placed his hand on Plaintiff's side and back.

11. On January 7, 2019, Mr. Crabtree approached Plaintiff and, without Plaintiff's consent, Mr. Crabtree used a bottle to simulate masturbation and sexual intercourse with Plaintiff while standing immediately behind Plaintiff. Mr. Crabtree used the bottle to make forceful contact with Plaintiff's body. Mr. Crabtree then loudly stated "Oh I know you take it in the a__ because you didn't even flinch" or words to that effect.

12. On January 7, 2019, Mr. Crabtree approached Plaintiff and, without Plaintiff's consent, Mr. Crabtree again simulated masturbation with a bottle in Plaintiff's presence. Also on January 7, 2019, Mr. Crabtree directed toward Plaintiff in the presence of others the comment "for the right amount of money she will call anybody daddy" or words to that effect.

13. The repeated and incessant inappropriate sexually suggestive behavior by Mr. Crabtree created a hostile work environment for Plaintiff.

14. In early December 2018, Mr. Crabtree retaliated against Plaintiff for her prior complaints of sexual harassment to Mr. McKenzie when Mr. Crabtree stated to Plaintiff "did you try to have me fired while you were gone so you wouldn't have to deal with me anymore?" and "someone called and reported me for sexual harassment but I just got a talking to from Christy so basically just a slap on the wrist, so it didn't work for whoever called" or words to that effect.

15. In January and February of 2019, Mr. McKenzie engaged in retaliation against Plaintiff when, after Plaintiff reported the sexual harassment to Defendant Applebee's human resources and Mr. Crabtree had been moved to another location, Mr. McKenzie approached Plaintiff and made comments indicating Plaintiff was responsible for Mr. Crabtree's removal. The comments consisted of language such as "it sure is hard for me to get all of this work done around here without Sebastian to help me" or words to that effect. On another occasion, Mr. McKenzie

stated to Plaintiff "I can't do all my work and Sebastian's work" or words to that effect.  On another occasion, Mr. McKenzie stated to Plaintiff "you wanted Sebastian removed, so now I need you to do what he was doing in order to take the load off of me" or words to that effect.

16. In January and February of 2019, Mr. McKenzie encouraged other employees to retaliate against Plaintiff.

17. Due to the extreme mental stress and emotional anguish associated with the discriminatory acts described above, including the acts of retaliation, Plaintiff resigned her position of employment with Defendant Applebee's on February 6, 2019.  This resignation amounted to a constructive discharge.

18. Plaintiff was a victim of overt sexual harassment and gender discrimination, and retaliation for complaining of the same.

19. At all times relevant to this complaint the actions of Mr. Crabtree and Mr. McKenzie described above were within the course and scope of their employment with Defendant Applebee's.  As a result of the discrimination and retaliation, Plaintiff suffered an a tangible employment action, constructive discharge.

## ADMINISTRATIVE PREREQUISITES

20. Plaintiff timely filed charges of discrimination/harassment based on sex and retaliation with the Equal Employment Opportunity Commission and Louisiana Commission on Human Rights.  Plaintiff received the Notice of Right to Sue from the Equal Employment Opportunity Commission, dated September 24, 2019.  Accordingly, Plaintiff hereby timely files and institutes this action within ninety (90) days of receipt of the Notice of Right to Sue from the Equal Employment Opportunity Commission.

## CAUSES OF ACTION

21. The actions, conduct and practices of Defendant Applebee's complained of herein constitutes purposeful discrimination and harassment against Plaintiff based upon her gender and/or retaliation for opposition to discrimination in violation of 42 U.S.C. §§2000e-2 and 2000e-3, and La. R.S. 23:301 *et seq.*, and La. R.S. 51:2256.

22. The actions conduct and practices of Defendant Applebee's complained of herein constitutes whistleblower retaliation in violation of La. R.S. 23:967.

23. Defendant Applebee's is liable for the actions of its managers under the doctrine of respondeat superior because said actions were within the course and scope of its employment.

24. Plaintiff has no adequate remedy at law for the harm she has suffered as a result of the discriminatory practices of defendants set forth herein.

## DAMAGES

25. As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, wage increases, promotional opportunities, fringe benefits, retirement plan contributions, and other employment-related benefits.

26. As a further proximate result of Defendant's actions. Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, emotional pain and suffering, mental stress and anguish; worry; anxiety, physical pain and suffering, medical expenses, and other incidental and consequential damages and expenses.

## JURY TRIAL DEMANDED

27. Plaintiff demands a trial by jury as to all matters permitted by law.

## **RELIEF**

WHEREFORE, PLAINTIFF PRAYS:

A. That the Court declare the employment practices of which complaint is made to be in violation of 42 U.S.C. §2000e *et seq*., 28 U.S.C. § 1331, La. R.S. 23:301 *et seq*., La. R.S. 23:967, and La R.S. 51:2256, and otherwise inculpatory and illegal;

B. The Plaintiff be awarded back pay, including prejudgment interest, front pay, lost wages and any other benefits or seniority to which she may have been entitled or which she may have lost as a result of the discrimination or retaliation against her;

C. That the Court find that Defendant Applebee's is responsible to the tortious acts committed against Plaintiff;

D. That Plaintiff be awarded compensatory damages pursuant to 42 U.S.C. Section 1981a;

E. That Plaintiff be awarded reasonable attorney's fees pursuant to 42 U.S.C. Section 2000e-5(k);

F. For trial by jury for those matters triable to a jury; and

G. That Plaintiff be awarded such other and further relief as the court finds equitable, just and proper.

RESPECTFULLY SUBMITTED,

*/s/ Chad C. Carter*
CHAD C. CARTER
La. Bar Roll No. 29790
PARKER ALEXANDER, LLC
2503 Ferrand Street
Monroe, LA 71201
TEL (318) 322-7373
FAX (318) 322-1461
Chad@ParkerAlexander.com